UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHEILA STAUFFER, an individual,

    Plaintiff,

vs.

CARNIVAL CORPORATION, a Foreign Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SHEILA STAUFFER, an individual, sues Defendant CARNIVAL CORPORATION ("CARNIVAL") and alleges:

## PARTIES

1. Plaintiff, SHEILA STAUFFER, was and is a resident of the State of Maryland at all times material to this Complaint.

2. Defendant, CARNIVAL, was at all times material to this Complaint a foreign corporation authorized to do business in the State of Florida with its principal place of business in the State of Florida.  Defendant CARNIVAL was conducting business in Florida by operating as a common carrier cruise line at all times material to this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332 and 1333.

4. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

5. Venue in the United States District Court for the Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

6. All other conditions precedent for filing and maintaining this action have been fulfilled, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

7. At all times material hereto, Defendants owned, operated, maintained, managed and/or controlled the cruise ship *Carnival Paradise*.

8. On or about December 20, 2019, Plaintiff Sheila Stauffer, who is seventy-one years young, was a fare-paying passenger aboard the *Carnival Paradise*.

9. On December 20, 2019, Sheila Stauffer was planning to go into the Queen Mary's Lounge for a party arranged by Defendant for guests that enjoyed a particular status with the cruise line because of the guests' cruise history.

10. Defendant placed a sign outside of the Queen Mary's Lounge in the area where individuals would have to walk to get into the lounge.

11. The base of the sign protruded into the walkway where individuals including Plaintiff were required to walk to gain access to the lounge.

12. The base of the sign that protruded into the walkway where people would walk to enter into the Queen Mary's Lounge constituted a dangerous condition.

13. There were several employees of Defendant dressed in uniform that were in the immediate vicinity that either knew about the sign's location in the walkway or should have known about the sign's location in the walkway.

14. As Plaintiff neared the entrance of the lounge the uniformed employees distracted Plaintiff's attention away from the sign as the uniformed employees were approaching her to greet her.

15. As Plaintiff walked towards the uniformed employees her foot struck the base of the sign that protruded into the walkway and caused her to fall.

## COUNT I - NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 -15 as if set forth herein.

16. On December 20, 2019, while aboard the *Paradise*, Plaintiff suffered a fractured pelvis after she tripped on the base of a sign that protruded into an area that was designated for passengers to walk.

17. At all times material hereto, Defendant and its employees had a duty to use reasonable care under the circumstances, and to maintain the vessel, including the walkways, in a reasonably safe condition and manner for their expected use.  Thus, Defendant's duty of care under the circumstances includes inspecting and maintaining the walkways and keeping the walkways in a reasonably safe condition.  This is especially true when Defendant invites passengers to attend a party and knows that passengers will be walking in a particular area to access the room where the party is occurring.

18. In this case, Defendant created the dangerous condition through their agents or employees by placing the sign in a position where its base protruded into an area where passengers would be walking.

19. Defendant had actual knowledge of the condition because Defendant's employees are the individuals that placed the sign it its location when Plaintiff fell.

20. Defendant also had constructive knowledge of the condition because there were several employees or agents of Defendant present at the time of the fall and before the fall that could have appreciated the danger of the sign in an area where passengers would be walking.

21. Defendant also undertook a duty to provide a safe walkway for passengers attending the party that was scheduled and prepared by Defendant.

22. Defendant breached its duty of care by committing one or more of the following acts and/or omissions, including, but not limited to:

   a. Failing to properly maintain the areas where Defendant knew passengers would be walking in a manner that was reasonably safe under the circumstances;

   b. Failing to keep the areas where Defendant knew passengers would be walking free and clear of obstructions that would cause passengers to fall;

   c. Failing to adhere to industry standards, customs, and regulations which relate to tripping hazards placed in areas where individuals are walking;

   d. Failing to block off the area where the sign was placed so that the sign would not present a tripping hazard to passengers;

   e. Failing to comply with Defendant's own standards regarding tripping hazards in areas where passengers are walking;

   f. Failing to use a sign that would not present a tripping hazard to passengers;

   g. Distracting passengers that were walking near the sign and drawing their attention away from the base of the sign that presented a tripping hazard;

   h. Failing to promulgate or enforce adequate policies and procedures to ensure that the area where Plaintiff fell was free of tripping hazards and obstructions; and/or

      i. Defendant is also vicariously liable for the negligence of its employees or agents that placed the sign in an area where Defendant and its employees knew passengers would be walking.

23. Defendant's breaches of its duties proximately caused this incident and Plaintiff's injuries.

24. As a proximate result of Defendant's negligence, Plaintiff suffered severe and permanent injuries including pain and suffering, disability, disfigurement, mental anguish, inconvenience, discomfort, scarring, loss of the capacity for enjoyment of life, and has incurred past medical expenses and will incur future medical expenses.  All of said damages and injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff demands Judgment against Defendants for compensatory damages, costs, pre-judgment interest, and all other damages allowable by law, as well as any further relief this Court deems just and proper.

## COUNT II – FAILURE TO ADEQUATELY WARN

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 -15 as if set forth herein.

25. Defendant has a reasonable duty of care to warn passengers, including Plaintiff, of any dangerous condition of which the cruise line has actual or constructive knowledge.  This includes a duty to warn Sheila Stauffer about the dangerous condition that existed in the walkway of the entrance to the Queen Mary's Lounge

26. In this case, Defendant knew about this dangerous condition because it created the dangerous condition and because Defendant's employees were in the immediate vicinity of the dangerous condition prior to the fall.

27. Defendant failed to warn Plaintiff of the base of the sign in the area where passengers were walking.

28. Defendant's breaches of its duties proximately caused this incident and Plaintiff's injuries.

29. As a proximate result of Defendant's negligence, Plaintiff suffered severe and permanent injuries including pain and suffering, disability, disfigurement, mental anguish, inconvenience, discomfort, scarring, loss of the capacity for enjoyment of life, and has incurred past medical expenses and will incur future medical expenses.  All of said damages and injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff demands Judgment against Defendants for compensatory damages, costs, pre-judgment interest, and all other damages allowable by law, as well as any further relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 12, 2020.

Respectfully submitted,

*/s/ Zachary Bodenheimer*
Zachary D. Bodenheimer
Florida Bar No. 91322
zdb@bodenheimerlawfirm.com
Bodenheimer Personal Injury Law Firm
4601 Sheridan Street, Suite 320
Hollywood, FL 33021
Email: zdb@bodenheimerlawfirm.com